# EXHIBIT A

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Laura B. Lenski,<br><br>    Plaintiff,<br><br>vs.<br><br>South Carolina Department of Mental Health,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

        **CROMER BABB PORTER & HICKS, LLC**

        BY: s/*Ryan K. Hicks*
          Ryan K. Hicks (#100941)
          ryan@cbphlaw.com
          1418 Laurel Street, Suite A
          Post Office Box 11675
          Columbia, South Carolina 29211
          Phone: 803-799-9530

         *Attorney for Plaintiff*

December 15, 2022
Columbia, South Carolina

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Laura B. Lenski,<br><br>    Plaintiff,<br><br>vs.<br><br>South Carolina Department of Mental Health,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

**EMPLOYMENT CASE**

Plaintiff Laura B. Lenski (hereinafter "Lenski" or "Plaintiff") alleges the following in her complaint against the Defendant, South Carolina Department of Mental Health (hereinafter "Defendant").

**PARTIES AND JURISDICTION**

1.   Lenski is a fifty-six (56) year old citizen and resident of the State of South Carolina, County of Richland.

2.   Upon information and belief, Defendant is a comprehensive statewide public mental health system, serving children, adults and families in South Carolina.

**JURISDICTION AND VENUE**

3.   This Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over the Defendant based on 28 U.S.C. § 1331 and § 1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), S.C. Code Ann. § 15-7-30 (2012, as amended), as well as the wrongful conduct at issue which occurred within this judicial district.

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

1

**CONDITIONS PRECEDENT**

5. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

6. Plaintiff timely filed her charge with the South Carolina Human Affairs Commission on September 30, 2021.

7. Plaintiff received the Notice of Right to Sue from SCHAC and EEOC, the latter of which was issued October 11, 2022.

8. Plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the Notice of Right to Sue described above in Paragraph 7.

**FACTUAL ALLEGATIONS**

9. Lenski began her employment with Defendant on or about December 1, 2014.

10. Lenski began working as the Health Information Services ("HIS") Director – Bryan Psychiatric Forensics in or around September 2016, and remains in that position today.

11. Lenski has performed her job in a competent, if not more than competent manner, and has received satisfactory evaluations over the course of her employment.

12. In or around October 2019, Lenski applied and interviewed for the HIS Director position at C.M. Tucker – a mental health facility operated by Defendant. The position was offered to Carolina Chappelle (black female) (hereinafter "Chappelle"), and upon information and belief, Chappelle is paid significantly more pay than Lenski.

13. Until in or around July 2021, Lenski's direct supervisor was Karen Henry (black female) (hereinafter "Henry"). When Henry left employment with Defendant, she recommended that Lenski apply for her position, HIS Northeast Regional Director, which would have been a

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

promotion for her.

14. Notably, upon Henry's departure, Lenski was notified that she would now be reporting to Linda Anderson (black female) (hereinafter "Anderson"), DIS Compliance – Officer/Privacy – Officer/Registrar – Manager.

15. Lenski inquired with Anderson as to the application and interview process for the HIS Northeast Regional Director role that Henry encouraged her to apply for. Lenski never received a response from Anderson.

16. Rather than post and interview for the HIS Northeast Regional Director position, Defendant retitled the position to Health Information Director – Morris Village, and named Thasneem Nishad (Indian female) (hereinafter "Nishad") as the Interim. Nishad had previously worked in coding compliance.

17. Upon further information and belief, Nishad is not qualified for the Director position.

18. After learning of Nishad's appointment as Interim for the Director position, on July 26, 2021, Lenski emailed several managers, including Richard Brown (black male) (hereinafter "Brown"), who is Anderson's direct supervisor. Lenski's email provided in pertinent part:

   a. "On Wednesday last week (7/21) I sent you an email asking about when Karen Henry's position (HIS Northeast Regional Director) would be posted. While I heard nothing back on this, I received a memorandum dated 7/23/21 that you have appointed Thasneem Nishad, a coding compliance employee, into Karen's position in an interim capacity."

   b. "It is my understating that you informed others in HIS and Compliance of this decision prior to the Friday email."

   c. "[I] am deeply concerned about what this decision portends. The practice of appointing personnel into position that they lack the proper qualifications and credentials to hold is generally supposed to be an exception. Yet this is nowhere near the first time that this has happened at this agency since I started working here. In fact, for higher level positions, this seems to be more the rule than the

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

exception. Individuals who lack the educational background, credentials or experience are being placed in an interim capacity in positions they are not qualified to hold. Then, after one year, they are moved into the position."

d. "This is not the first time that a position I would have been interested in applying for has been 'temporarily' given to an unqualified person. In the prior occasions, the person then assumed the position permanently after one year, and I (and any other qualified employees) were never considered for the position."

e. "[D]espite my best efforts to see any efficacy to this practice, I see none. Quite simply, this is unfair. To me. To everyone else qualified who wants to move up, and to this Department."

f. "I am copying others on this because I have no confidence that my concerns will be addressed at this level. I have been stymied in every effort I have made to advance."

19. Brown responded to Lenski stating that all HIS Directors at various facilities (i.e., Chappelle, Nishad, Plaintiff, and others) are now equals just assigned to different facilities.

20. Upon information and belief, non-white HIS Directors still have a higher salary than Plaintiff. To wit:

   a. Chappelle, upon information and belief, earns approximately $64,413.00/year per the South Carolina Department of Administration salary database.

   b. Nishad, upon information and belief, earns approximately $56,645.00/year per the South Carolina Department of Administration salary database.

   c. Lenski's salary is below the $50,000.00/year threshold required in order to be reported in the South Carolina Department of Administration salary database.

21. Lenski notified Brown of this pay discrepancy on or about July 26, 2021. Lenski was informed that Brown would look into it, but to date, she has not received a response as to the pay discrepancy.

22. On August 24, 2021, Lenski was notified by Anderson that one of her subordinates, Herald Trowell (hereinafter "Trowell"), was being permanently reassigned to another division,

4

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

with the understanding that the position would not be filled. Trowell was a vital part of Lenski's team, so his reassignment greatly increased Lenski's workload.

23. Upon information and belief, Lenski's non-white HIS Director counterparts were not subjected to having their subordinates reassigned in a like manner.

24. Lenski filed a charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") on September 30, 2021.

25. On May 7, 2022, Lenski received an anonymous text message to her personal cell phone which read, "Drop it, racist".

26. On or around June 24, 2022, Lenski was told by Anderson that she would be responsible for the medical coding for Morris Village until they hire a permanent coder.

27. Lenski did not understand why Nishad, who was the HIS Director for Morris Village, was not responsible for this task, as it was her facility and not Plaintiff's. Additionally, upon information and belief, Nishad has a background in coding and is paid approximately $13,000 more than Lenski.

28. Lenski emailed Anderson on July 11, 2022, expressing her concerns regarding the new coding duty, namely that this duty was for a facility that she did not work at, that Nishad should be responsible for the task since it is her facility, and Lenski's belief that she was being treated adversely compared to other HIS Directors, all of which are outside Lenski's protected-class.

29. During a Microsoft Teams Director's meeting held after Lenski was assigned to the coding tasks, Anderson commented that she had submitted documentation to Human Resources regarding the extra duties that had been assigned to HIS Directors, so that Human Resources could

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

process raises for them. Lenski was not included in this communication or documentation, even though she was performing the extra duty of medical coding, which is a full-time equivalent duty.

30. Consequently, Lenski did not receive a raise for her additional tasks.

31. Upon information and belief, Lenski's non-white HIS Director counterparts receives raises and/or bonuses.

32. On September 9, 2022, SCHAC issued Lenski her Dismissal and Notice of Right to Sue; Defendant was notified of the dismissal and right to sue being issued simultaneously.

33. On October 11, 2022, EEOC issues Lenski her Determination and Notice of Rights providing her ninety (90) days within which to file suit; Defendant was notified of the notice being issued simultaneously.

34. On October 20, 2022, Lenski was counseled for "Failure to Maintain Satisfactory or Harmonious Working Relationships with Other Employees or Supervisors". This was the first offense that Plaintiff had received in her eight (8) years with Defendant.

35. Lenski submitted a rebuttal to her counseling, denying all of the allegations. Lenski provided a detailed account of the communications that led to the complaint, which tend to show that her conduct in no way warranted a disciplinary action. Lenski also opined that these accusations were in retaliation, since the Defendant has just been notified that SCHAC and the EEOC had issued her notice(s) of right to sue.

## FOR A FIRST CAUSE OF ACTION
**(Race Discrimination in violation of Title VII of the Civil Rights Act of 1964)**

36. Plaintiff realleges the foregoing where consistent.

37. Lenski belongs to a protected-class—Caucasian—under Title VII of the Civil Rights Act of 1964

38. Lenski is/was qualified for and expressed interest in the HIS Northeast Regional

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

Director role. Plaintiff was not allowed to apply for or interview for the position. Anderson rather hired her friend, Nishad, who is an Indian female and outside of Plaintiff's protected class.

39. Upon information and belief, Lenski is more qualified than Nishad.

40. Notably, this was not the first occasion that Lenski was passed over for a position to the benefit if a black female – when Chappelle was hired in or around October 2019.

41. Lenski notified Anderson's supervisor, Brown, of this discriminatory action, and Brown responded that all HIS Directors would now be equal in regard to pay.

42. Upon information and belief, Lenski is still paid less than her HIS Director counterparts, all of which are outside Plaintiff's protected class.

43. Lenski notified Brown of this pay discrepancy, but no investigation or alleviative measure was taken to correct this discriminatory disparity.

44. Lenski's subordinate was then shortly thereafter reassigned to another facility, greatly increasing the workload of Plaintiff, and additionally, Lenski was required to complete coding for a facility ran by a different HIS Director, who is outside Plaintiff's protected class.

45. Lenski complained of this additional task, which was a full-time task in and of itself, to Anderson; however, Anderson never addressed her concerns. Lenski expressed her belief that she was being treated adversely compared to her HIS Director counterparts, all of which are outside her protected class.

46. During a Microsoft Teams meeting, Anderson informed participants that she had submitted documentation to Human Resources in order to initiate raises for HIS Directors who had taken on additional tasks. Lenski was not included in this documentation, and subsequently did not receive a raise, even though she was performing the additional tasks of coding for the Morris Village facility.

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

47. All other HIS Directors outside Lenski's protected class received raises pursuant to Anderson's documentation.

48. Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and Section 1981, causing Plaintiff damages that she is entitled to recover as a result of the same, including actual damages in the form of lost wages and benefits, and compensatory and other intangible damages, including pain and suffering and emotional distress. Plaintiff is entitled to an aware of punitive damages for the willful and intentional acts of Defendant through its agents and employees, interest, equitable relief, and reasonable attorney's fees and costs of this cause of action.

### FOR A SECOND CAUSE OF ACTION
(Retaliation in violation of Title VII)

49. Plaintiff realleges the foregoing where consistent.

50. Lenski engaged in protected-activity on July 26, 2021, when she informed Brown of the pay discrepancy between herself and her HIS Director counterparts, all of which are outside Plaintiff's protected-class. Lenski, again, engaged in a protected activity on September 30, 2021, when Plaintiff filed a charge of discrimination with SCHAC against Defendant.

51. Shortly after informing Brown of the pay discrepancy, Lenski's subordinate, Trowell, was reassigned to different facility, which caused Plaintiff to have to take on additional tasks. It is Lenski's belief that this decision was made to frustrate Plaintiff's employment by setting her up for failure.

52. Additionally, and after Lenski filed her charge of discrimination against Defendant with SCHAC, Plaintiff was required to complete coding duties for the Morris Village facility. Again, Lenski believes that this responsibility was placed on Plaintiff in a way to set up Plaintiff for failure. Lenski received no response when she asked Anderson why she was required to

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

complete tasks for a facility that she did not supervise.

53. Lenski was informed during a Microsoft Teams meeting that Anderson had submitted documentation for all HIS Directors, excluding Plaintiff, to receive raises for taking on additional duties.

54. On October 20, 2022, less than a month after Defendant was notified that Lenski had received her right to sue, Plaintiff received her first disciplinary action in her eight years of employment with Defendant. Plaintiff believes that the accusations contained in the disciplinary action are fraudulent, and Plaintiff submitted a rebuttal outlining that belief. Plaintiff included in her rebuttal that she believed she was being retaliated against by the Defendant.

55. As a direct and proximate result of the Defendants' retaliatory actions, Plaintiff has suffered, and Defendants are liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, plain and suffering, emotional distress, and reputational harm; as well as the reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgement interest on all damages sought.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Laura B. Lenski, prays for judgment against Defendant South Carolina Department of Mental Health for all actual and compensatory damages in an amount to be determined by a jury. Lenski also prays for pre-judgment interest, attorney's fees and costs of this action, and any other and further relief as this Court may deem just and proper from Defendant.

[Signature Block on Next Page]

ELECTRONICALLY FILED - 2023 Jan 03 2:55 PM - RICHLAND - COMMON PLEAS - CASE#2023CP4000018

RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health

**CROMER BABB PORTER & HICKS, LLC**

BY: s/*Ryan K. Hicks*
  Ryan K. Hicks (#100941)
  ryan@cbphlaw.com
  1418 Laurel Street, Suite A
  Post Office Box 11675
  Columbia, South Carolina 29211
  Phone: 803-799-9530

*Attorney for Plaintiff*

December 15, 2022
Columbia, South Carolina

10



RECEIVED
JAN 04 2023
State Director
S.C. Dept. of Mental Health